IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2083-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CLYDE M. HALL, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Government's Motion to Stay [DE 80] this Court's August 16, 2011 Order dismissing the above-captioned case. For the reasons set forth herein, the Government's Motion to Stay is denied.

## I. INTRODUCTION

The Government initiated this case on June 19, 2009 by certifying with the Court that Respondent Clyde M. Hall ("Respondent" or "Mr. Hall") was a "sexually dangerous person" within the meaning of The Adam Walsh Child Protection and Safety Act of 2006[1] (the "Act," or "the Adam Walsh Act"). The certification stayed Respondent's release from federal custody[2] pending a hearing to determine whether Respondent qualified for

---

[1]Pub. L. No. 109-248, 120 Stat. 587 (2006)(codified as amended in scattered sections of 10, 18, 21, 28, and 42 U.S.C.).

[2]At the time of his certification under the Adam Walsh Act, Respondent was in the custody of the Bureau of Prisons at the Federal Correctional Institution, Butner, North Carolina, serving a 25-month term of imprisonment following his conviction for Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a)(1) [DE 1].

commitment as a sexually dangerous person.

The Court conducted a two-day evidentiary hearing in this matter beginning on June 6, 2011. On July 12, 2011, the Court directed the parties to submit Proposed Findings of Fact and Conclusions of Law [DE-75]. After considering the testimony at the evidentiary hearing, the evidentiary record, and the parties' submissions, the Court entered a written Order adopting Respondent's Proposed Findings of Fact and Conclusions of Law ("Findings") *in toto*, [DE-78]. In the Order, the Court held that:

> (1) Respondent was deprived of equal protection of the law under the Fourteenth and Fifth Amendments to the United States Constitution;
>
> (2) Respondent was deprived of his due process rights under the Fifth Amendment to the United States Constitution because the Government failed to bring Mr. Hall before the Court for a final commitment hearing within a reasonable time after it filed the Petition seeking commitment pursuant to the Adam Walsh Act; and
>
> (3) the Government failed to establish by clear and convincing evidence that Hall was sexually dangerous to others as required by the Act and by the Constitution.

Order at 78, *United States of America v. Clyde M. Hall*, No. 5:09-2083-BO (E.D.N.C. Aug. 16, 2011).

By a Motion [DE 80] filed August 17, 2011, the Government requested that the Court stay the effectuation of the August 16 Order pending appeal. Respondent promptly responded in opposition [DE 85] to the Government's Motion. In this posture, the Motion to Stay is ripe for adjudication. It is denied.

## II. **DISCUSSION**

2

Courts balance four factors to determine whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With regard to the first factor, the Court finds that the Government has not made a strong showing that it is likely to succeed on the merits. The "strong showing" required to compel this Court to indefinitely stay its Order pending appeal "is more stringent that the 'reasonable probability' standard that is applicable to a preliminary injunction." *Davis v. Meyers*, 101 F.R.D. 67, 69 (D. Nv. 1984). The Government's Motion falls short of the necessary showing. The Government's Motion, in essence, recapitulates the Government's arguments that have been considered and rejected by this Court. The arguments re-raised in the Government's Motion do not undermine the three distinct and independently sufficient rationales that the Court articulated as grounds for dismissing this case. The Court reaffirms its Order of August 16, and For the reasons outlined in the Order, the Court now holds that the Government is not likely to succeed on appeal.

With regard to the second factor, the United States asserts that "[i]f Hall is released, and he commits another offense, there

3

will plainly be irreparable injury to his victim(s), their community, and the interests of the United States in protecting vulnerable citizens." (Pet.'s Mem. In Supp. Mot. To Stay, 13.) The Government's conjecture, although admittedly troubling, is unlikely to materialize.

For a period of twenty-five years, Mr. Hall will live under the watchful eye of the United States Probation Office. He will have to register as a sex-offender and face other onerous restrictions on his liberty. The restrictions that Mr. Hall must labor under for a quarter-century are designed, in part, to thwart further injury to others and to prevent the doomsday scenario that the Government raises in its Motion to Stay.

To be sure, even with onerous restraints on the Respondent's liberty, it is certainly *possible* that Mr. Hall might harm another individual in the future. But showing only some "possibility of irreparable injury," *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998), fails to satisfy the second *Hilton* factor. The "'possibility' standard is too lenient." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2009).

As to the third factor, the Court finds that a stay will harm the Respondent. Mr. Hall has already waited over two years from his expected release date for a resolution of his civil commitment case, and his continued incarceration is unacceptable under the laws and the constitutional protections afforded all citizens.

4

Over a period of two days, counsel for both sides in this case thoroughly marshaled a capacious body of evidence. The Court has carefully considered the evidence in light of the relevant legal principles and concluded that Mr. Hall is not committable under the Adam Walsh Act. With the issue so thoroughly probed and now resolved in Mr. Hall's favor, Mr. Hall's continued detention only weakens the foundations of liberty and justice on which our Republic stands.

With regard to the fourth factor, the Court finds that the public interest lies in effectuating the August 16th Order. To be sure, there is a "great public interest in monitoring predatory offenders." *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1138 (D. Minn 2007). However, "there is an equally strong public interest in preserving constitutional rights." *Id*. And, as the *LaDue* Court held, where the Government has the means to monitor offenders "without jeopardizing constitutional rights . . . the greater public interest" is in protection of the constitutional rights. *Id*.

Because the United States Probation Office has the ability and, in fact, the duty to monitor the Respondent upon his release, the fourth *Hilton* factor-like each of the other factors-weighs in favor of denying the stay.

### III.  CONCLUSION

For the foregoing reasons, after careful consideration of the *Hilton* factors and of the parties' arguments, the Court finds that

5

a stay of Respondent's release pending the appellate process is not warranted. The Government's Motion to Stay is **DENIED**. The Government is **ORDERED** to place the Respondent, Clyde M. Hall, into the custody of the appropriate United States Probation Office forthwith.

DONE AND ORDERED, this the 22 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6